## YEE LOOK v. BURNETT, District Director of Immigration.
### No. 7063.

Circuit Court of Appeals, Ninth Circuit.
June 12, 1933.

Stephen M. White, of San Francisco, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Ignatius F. Parker, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

PER CURIAM.

In some respects, this is a hard case. The alien has lived here since 1898; has an American-born Chinese wife, and American-born children.

The sole question, however, before us is whether he was given a fair hearing, and whether there was such substantial evidence as justified the immigration authorities in finally concluding, after the case had been reopened for further evidence, that he should be deported because found here in violation of section 19 of the Immigration Act of February 5, 1917 (8 USCA § 155).

The warrant of deportation ordered his return on the statutory ground that "he is employed by, in, or in connection with a house of prostitution, or music, or dance hall, or other place of amusement, or resort, habitually frequented by prostitutes, or where prostitutes gather."

After the reopened hearing was concluded, the Department made a finding that:

"It is believed that the evidence establishes that the alien at and prior to the time of his arrest was employed in connection with a resort habitually frequented by prostitutes.

"It is, therefore, ordered that no change be made in the outstanding order of deportation."

We deem is unnecessary to detail the evidence. It suffices to say that in our judgment there was substantial evidence that the alien at and for about a week before his arrest was employed in a gambling resort; that that resort was habitually frequented by prostitutes who secured their customers in the gambling room and adjourned with them through a door leading into an adjacent room on the same premises; and that appellant, employed as he was in the gambling resort, had full knowledge both of the trade of the women and the practices that were going on.

As the hearing was entirely fair, the judgment of the District Court dismissing the writ must be affirmed.